774 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Merlo, Petitioner-Appellee,
v.
Dan Bolden, Respondent-Appellant.
 No. 85-1145
 United States Court of Appeals, Sixth Circuit.
 9/17/85
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MERRITT and WELLFORD, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 This is a Michigan habeas corpus case based on a jury conviction in 1967 for first degree murder. The defendant shot and killed his estranged wife. His defense was sudden impulse and lack of premeditation; he admitted the facts of the killing. In his petition, he argues that the jury instruction on presumed intent improperly shifted the burden of persuasion. He did not object to the instructions at trial, on direct appeal, or in an earlier habeas corpus petition or delayed motion for a new trial. The District Court granted the defendant's conditional writ of habeas corpus requiring the State to commence trial within 90 days. The state appeals.
 
 
 2
 Counsel for the State conceded at oral argument that the following jury instruction, as the District Court found, is unconstitutional under the rule of Conway v. Anderson, 698 F.2d 282, 284 (6th Cir.), cert. den., 103 S.Ct. 3092 (1983), and Sandstrom v. Montana, 442 U.S. 510 (1979):
 
 
 3
 The law presumes that every person, unless relieved by some disability as hereinafter mentioned, contemplates and intends the natural, ordinary, and usual consequences of his own voluntary acts, and if, a man is shown by the evidence, beyond a reasonable doubt, to have killed another by an act, the natural and ordinary consequences of which would be to produce death, then it will be presumed that death of the deceased was designed by the slayer, unless the facts and circumstances of the killing, or the evidence, create a reasonable doubt whether the killing was done purposely. When a man assaults another with, or uses upon another a deadly weapon, in such a manner that the natural, ordinary, probable use of such deadly weapon in such manner would be to take life, the law presumes that such person so assaulting intended to take life. A deadly weapon has been defined as an instrument reasonably calculated and likely to produce death, or serious bodily injury from the manner in which it is used. (Emphasis added.)
 
 
 4
 (Transcript, Vol II, pp 601-602.)
 
 
 5
 Counsel's concession leaves as the major issue on appeal the question whether a Michigan procedural default rule bars consideration of defendant's habeas corpus claim because of the 'cause and prejudice' standard of Wainwright v. Sykes, 433 U.S. 72 (1974).
 
 
 6
 In the court below the state extensively briefed and defended on the basis of the Wainwright doctrine. Without mentioning or discussing this defense, the District Court issued the writ. On appeal, the state concedes the correctness of the District Court's Sandstrom holding but takes issue with the result on the Wainwright question which the District Court did not discuss or pass on.
 
 
 7
 Since the District Court has not passed on this procedural default issue under Wainwright the case must be remanded to the District Court for consideration of this issue in light of Michigan law concerning procedural default, as well as consideration of any factual issues arising under Wainwright's 'cause and prejudice' standard.
 
 
 8
 Accordingly, it is so ORDERED.